IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Terrence Bowie Robinson, ) | Civil Action No.: 2:10-2236-JFA-BHH |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | **OF MAGISTRATE JUDGE** |
| John Doe, ) | |
| Richard Roe, ) | |
| ) | |
| Defendants. ) | |

The plaintiff brought this action seeking relief pursuant to Title 42, United States Code, Section 1983. On April 21, 2011, an Order was entered by the Honorable Joseph F. Anderson, which dismissed the sole named defendant, J. Al Cannon, and gave the plaintiff 120 days to conduct discovery in an effort to learn the identity of the parties involved in this case and then file an amended complaint. The court substituted John Doe and Richard Roe, such fictitious names to stand for the party or parties against whom the plaintiff wishes to assert a claim in this case, pending the filing of the amended complaint.

As the plaintiff is proceeding *pro se*, the court filed a second order on October 31, 2011, giving the plaintiff through November 28, 2011, to indicate to the Court his intent to proceed with this action and the progress, if any, in identifying proper parties. The plaintiff was specifically advised that if he failed to respond, this action would be dismissed for failure to prosecute.

This Order was mailed to the plaintiff's last known address at Federal Correctional Institution, C-4, PO Box 725, Edgefield, SC 29824. The envelope containing this order was returned to the court as the plaintiff is apparently no longer incarcerated at FCI

Edgefield.[1]   The record reveals that the plaintiff was advised by order dated September 8, 2010, of his responsibility to notify the court *in writing* if his address changed.

Based on the foregoing, it appears the plaintiff no longer wishes to pursue this action. Accordingly, it is recommended that this action be dismissed *with prejudice* for lack of prosecution and for failure to comply with this Court's orders, pursuant to Rule 41(b) of the Federal Rules of Civil Procedure and the factors outlined in *Chandler Leasing Corp. v. Lopez*, 669 F.2d 919, 920 (4th Cir.1982).  *See Ballard v. Carlson*, 882 F.2d 93 (4th Cir. 1989).

                                                    s/Bruce Howe Hendricks  
                                                    United States Magistrate Judge

November 28, 2011

Charleston, South Carolina

---

[1] Docket Entry [34] states that a Federal Bureau of Prisons Inmate Search by the Clerk's Office indicates that plaintiff was released 8/11/2011.

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).